Andrew D. Glascock, OSB No. 992676
Email: aglascock@hfg-law.com
Hiefield Foster & Glascock LLP
Attorneys at Law
6915 SW Macadam Ave, Ste 300
Portland, OR 97219
Telephone: (503) 501-5430
Fax: (503) 501-5626

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAUREN WORKING; BRIONNA GEREB, by her next friend DREW GEREB; LILLIAN HARWOOD, by her next friends TYE HARWOOD and JAMIE HARWOOD;  KELSEY DEOS, by her next friends KELLY DEOS and LAURA DEOS; MORGAN JONES, by her next friends DAVID JONES and SHELLY JONES; ANNA TOMITA, by her next friends TODD TOMITA and MARNA TOMITA; MARIN PENNEY, by her next friends DARIN PENNEY and MARIE PENNEY; LAYNEY LOMBARDO by her next friend HEIDI JONES; VIVIAN RITTENOUR, by her next friends PETER RITTENOUR and DAMARI RITTENOUR; KIANA WILLIAMS, by her next friends ANDREW CHOO and LINDA LATTO; | Case No.: _____ <br><br> **COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| LAKE OSWEGO SCHOOL DISTRICT, an Oregon public school district, | |
| Defendant. | |

**COMPLAINT  - 1**

The above-captioned Plaintiffs respectfully file this Complaint against Defendant Lake Oswego School District ("District" or "Defendant"); and allege as follows:

## STATEMENT OF THE CASE

1.      This action is posed for declaratory and injunctive relief.  Defendant has violated Title IX of the Education Amendment of 1972, 20 U.S.C. §1681 et seq. ("Title IX") and the regulations adopted thereto by illegally denying Plaintiffs the equal treatment and benefits that must necessarily accompany an equal opportunity to participate in athletics.

2.      Defendant's denial of equal treatment and benefits constitutes discrimination against the Plaintiffs based solely on their gender.  Specifically, Defendant has discriminated against Plaintiffs in the following areas: (1) provision of equipment and supplies; (2) provision of facilities for both practice and competition; (3) funding of athletics; and (4) publicity.

3.      This action seeks to redress the deprivation of the Plaintiffs' rights to receive the equal treatment and benefits which must necessarily accompany an equal opportunity to participate in interscholastic and other school-sponsored athletics.  This action seeks a declaratory judgment that Defendant has violated the Plaintiffs' rights under federal law.  This action further seeks an injunction requiring Defendant to immediately cease its discriminatory conduct and to remedy the effects of its discriminatory conduct.

4.      Plaintiffs seek injunctive relief which, among other things, requires that Defendant provide Plaintiffs with treatment and benefits equivalent to that provided to the boys' athletic teams at Lake Oswego High School.

## JURISDICTION AND VENUE

5.      The Plaintiffs' claim arises under 20 U.S.C. §1681, *et seq*. and its interpreting regulations. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

**COMPLAINT  - 2**

6.      Jurisdiction for declaratory and other relief is invoked pursuant to 28 U.S.C. §§ 2201(a) and 2202.  A declaration of the correct interpretation of the legal requirements described in this Complaint is necessary and appropriate to determine the respective rights and duties of the parties to this action.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b).  Lake Oswego School District serves the area in which Plaintiffs live in Lake Oswego, Oregon, and Plaintiffs' claim arises from activities conducted at Lake Oswego High School, which is located within the jurisdiction of this Court.

## THE PARTIES

8.      Plaintiff Lauren Working ("Ms. Working") is an 18-year-old student athlete who attends Lake Oswego High School.  Ms. Working plays softball at Lake Oswego High School and has played softball within the Lake Oswego School District for approximately 10 years.  Defendant has discriminated against Ms. Working on the basis of her sex by denying her equal athletic treatment and benefits.  Ms. Working is a resident of Lake Oswego, Oregon.

9.      Plaintiff Brionna Gereb ("Ms. Gereb") is a 16-year-old student athlete who attends Lake Oswego High School.  Ms. Gereb plays softball at Lake Oswego High School and has played softball within the Lake Oswego School District for approximately 11 years.  Defendant has discriminated against Ms. Gereb on the basis of her sex by denying her equal athletic treatment and benefits.  Ms. Gereb, a minor, is proceeding in this action by her next friend, her father Drew Gereb.  Both Ms. Gereb and her father are residents of Lake Oswego, Oregon.

10.     Plaintiff Lillian Harwood ("Ms. Harwood") is a 16-year-old student athlete who attends Lake Oswego High School.  Ms. Harwood plays softball at Lake Oswego High School and has played softball within the Lake Oswego School District for approximately 11 years.  Defendant

has discriminated against Ms. Harwood on the basis of her sex by denying her equal athletic treatment and benefits.  Ms. Harwood, a minor, is proceeding in this action by her next friends, her mother Jamie Harwood and her father Tye Harwood.  Both Ms. Harwood and her parents are residents of Lake Oswego, Oregon.

11.     Plaintiff Kelsey Deos ("Ms. Deos") is a 15-year-old student athlete who attends Lake Oswego High School.  Ms. Deos plays softball at Lake Oswego High School and has played softball within the Lake Oswego School District for approximately 10 years.   Defendant has discriminated against Ms. Deos on the basis of her sex by denying her equal athletic treatment and benefits.  Ms. Deos, a minor, is proceeding in this action by her next friends, her mother Laura Deos and her father Kelly Deos.  Both Ms. Deos and her parents are residents of Lake Oswego, Oregon.

12      Plaintiff Morgan Jones ("Ms. Jones") is a 15-year-old student athlete who attends Lake Oswego High School.  Ms. Jones plays softball at Lake Oswego High School and has played softball within the Lake Oswego School District for approximately 7 years.   Defendant has discriminated against Ms. Jones on the basis of her sex by denying her equal athletic treatment and benefits.  Ms. Jones, a minor, is proceeding in this action by her next friends, her mother Shelly Jones and her father David Jones.  Both Ms. Jones and her parents are residents of Lake Oswego, Oregon.

13.     Plaintiff Anna Tomita ("Ms. Tomita") is a 16-year-old student athlete who attends Lake Oswego High School.  Ms. Tomita plays softball at Lake Oswego High School and has played softball within the Lake Oswego School District for approximately 10 years.   Defendant has discriminated against Ms. Tomita on the basis of her sex by denying her equal athletic treatment and benefits.  Ms. Tomita, a minor, is proceeding in this action by her next friends, her mother

Marna Tomita and her father Todd Tomita.  Both Ms. Tomita and her parents are residents of Lake Oswego, Oregon.

14.    Plaintiff Marin Penney ("Ms. Penney") is a 15-year-old student athlete who attends Lake Oswego High School.  Ms. Penney plays softball at Lake Oswego High School and has played softball within the Lake Oswego School District for approximately 3 years.   Defendant has discriminated against Ms. Penney on the basis of her sex by denying her equal athletic treatment and benefits.  Ms. Penney, a minor, is proceeding in this action by her next friends, her mother Marie Penney and her father Darin Penney.  Both Ms. Penney and her parents are residents of Portland, Oregon.

15.    Plaintiff Layney Lombardo ("Ms. Lombardo") is a 14-year-old student athlete who attends Lake Oswego High School.  Ms. Lombardo plays softball at Lake Oswego High School and has played softball within the Lake Oswego School District for approximately 2 years.  Defendant has discriminated against Ms. Lombardo on the basis of her sex by denying her equal athletic treatment and benefits.  Ms. Lombardo, a minor, is proceeding in this action by her next friend, her mother Heidi Jones.  Both Ms. Lombardo and her mother are residents of Lake Oswego, Oregon.

16.    Plaintiff Vivian Rittenour ("Ms. Rittenour") is a 15-year-old student athlete who attends Lake Oswego High School.  Ms. Rittenour plays softball at Lake Oswego High School and has played softball within the Lake Oswego School District for approximately 4 years.  Defendant has discriminated against Ms. Rittenour on the basis of her sex by denying her equal athletic treatment and benefits.  Ms. Rittenour, a minor, is proceeding in this action by her next friends, her mother Damari Rittenour and her father Peter Rittenour.  Ms. Rittenour resides with her parents in Lake Oswego and Portland, Oregon.

**COMPLAINT - 5**

17.    Plaintiff Kiana Williams ("Ms. Williams") is a 14-year-old student athlete who attends Lake Oswego High School. Ms. Williams plays softball at Lake Oswego High School and has played softball within the Lake Oswego School District for approximately 2 years.   Defendant has discriminated against Ms. Williams on the basis of her sex by denying her equal athletic treatment and benefits.  Ms. Williams, a minor, is proceeding in this action by her next friends, her mother Linda Latto and her stepfather Andrew Choo.  Both Ms. Williams and her parents are residents of Lake Oswego, Oregon.

18.    Defendant Lake Oswego School District is a public school district.  The District receives federal funding and, therefore, all of its programs and activities are governed by the requirements of Title IX pursuant to 20 U.S.C. § 1687.  The District is authorized to operate, and does operate, Lake Oswego High School, and is responsible for Lake Oswego High School's conduct.  The District is located in Lake Oswego, Oregon.

## STATEMENT OF FACTS

19.    Defendant has, by its conduct, violated Title IX by discriminating against female student athletes at Lake Oswego High School, including Plaintiffs, by failing to provide treatment and benefits which are comparable to the treatment and benefits provided to male student athletes.

20.    Defendant has been put on notice of its illegal discrimination against female athletes. Both parents and students have complained about Title IX violations and/or unfair treatment of female student athletes for years.  In February 2016, in response to these complaints, representatives from Lake Oswego High School indicated that some of these inequities would be addressed once the Lake Oswego High School softball team "wins a state championship."  A difficult goal in light of the current inequitable treatment and benefits provided to Plaintiffs.

**COMPLAINT  - 6**

21.     Defendant was again put on notice of their discriminatory conduct and actions when Plaintiffs' counsel sent a letter to the Superintendent, Title IX Coordinator, School Board, Principal, two Assistant Principals and Athletic Director on or about March 11, 2016.  No one from the District responded to the latter and the discrimination against female athletes has continued.

*Sex-Based Discrimination in Athletic Treatment and Benefits*

22.     Defendant has unlawfully discriminated against female student athletes in violation of Title IX with respect to athletic treatment and benefits in areas including, but not limited to, practice and competitive facilities; locker rooms; training facilities; equipment and supplies; publicity; and funding.

*Hitting Facilities*

23.     Defendant provides male student athletes participating on the Lake Oswego baseball team with an on-campus, enclosed hitting facility with state of the art pitching machines.

24.     Defendant does not provide a comparable hitting facility for female student athletes participating on the softball team—they have no hitting facility nor are they allowed to use the hitting facility provided for the Lake Oswego baseball team.

25.     For over two years, Defendant promised Plaintiffs that a similar facility would be constructed.  Supporters of Lake Oswego softball went to great lengths to engineer the building and develop plans.

26.     On information and belief, Defendant secured a substantial donation to help with the construction costs for the softball hitting facility.

27.     On or about February 5, 2016, Defendant informed Plaintiffs that despite more than two years of planning and multiple promises, the hitting facility would not be constructed unless or

**COMPLAINT  - 7**

until the Lake Oswego High School softball team "wins a state championship." The donated funds will be used for another sport rather than bring the school into Title IX compliance.

***Practice and Competitive Facilities***

28.    Defendant provides inequitable practice and competitive facilities to female student athletes. In addition, the District discriminates against female student athletes in that it fails to properly maintain the facilities provided to them.

***Baseball and Softball Playing Fields***

29.    Defendant provides male student athletes participating on the Lake Oswego baseball team with an on-campus, artificial turf playing field. The artificial turf playing field allows the baseball program to practice year-round, even in poor weather. There are no drainage issues on the baseball field.

30.    In contrast, Defendant requires female student athletes participating on the Lake Oswego softball team to play and practice on a dirt field, located off campus at the junior high. This off-campus dirt field is subject to significant drainage problems, which requires the softball team to cancel practice and games due to poor field conditions.

31.    As with the baseball hitting facility, Defendant does not allow female student athletes participating on the Lake Oswego softball team to play or practice on the artificial turf baseball playing field when the dirt softball field is unplayable. The District has also denied the softball team access to the artificial turf football playing field.

32.    Defendant does not adequately maintain the softball fields. The softball team, and its supporters, perform the field maintenance without the Defendant providing the proper equipment to do so.

***Significantly Different Game Day Experience***

33.     In addition to the superior quality of the field, during baseball games male student athletes are provided superior dugouts that have drinking fountains.  The artificial turf playing field also includes stadium seating to accommodate fans, as well as a press box and sound system.  The stadium also has clean, sanitary, and usable bathrooms for both the players and fans.

34.     In contrast, the girls' softball team is relegated to playing on a dirt field located at the junior high across the street from the high school.  There are no water fountains in the dugout and no press box or sound system is available.  The fans sit on metal bleachers.  Even the score board in the boys' baseball stadium is noticeably superior to that provided for the softball team.  The softball field does not even have a United States flag for the pre-game national anthem.

35.     The bathrooms at the softball field are not maintained by the District and are often broken and unclean without working locks.

36.     Simply put, the boys' baseball team plays in a stadium that is equivalent to or better than many college and minor league facilities while the girls' softball team plays on a below-average junior high field.

***No Locker Rooms***

37.     Defendant provides male student athletes participating on the Lake Oswego baseball team with exclusive access to locker room designated only for use by the baseball team.

38.     In contrast, Defendant does not provide a designated locker room to the female student athletes participating on the Lake Oswego softball team.  Instead, the softball team is required to share a "team room" with other female athletes on campus.

**COMPLAINT - 9**

*Funding*

39.     Defendant fails to provide girls with equitable funding as compared to male athletes.

40.     The on-campus, artificial turf playing field that Defendant has made exclusively available to male student athletes participating on the Lake Oswego baseball team has a concession stand which allows them to raise revenue during baseball games.

41.     In contrast, the dirt field that the softball team plays on does not have a concession stand. The lack of a concession stand has a significant detrimental impact on the ability of female student athletes on the softball team to raise revenue during games.

42.     Similarly, the baseball team uses its state of the art enclosed hitting facility to put on clinics to raise funds for the baseball team year round.  As alleged above, the softball team has no hitting facility, is not allowed to use the baseball hitting facility, and is unable to put on hitting clinics and raise funds like the baseball team.

*Nearly Non-Existent Training Equipment*

43.     Defendant provides inequitable equipment and supplies to female student athletes as compared to male athletes.

44.     Defendant provides male student athletes participating on the Lake Oswego baseball team with a complex that consists of a main competition field for practices, pitching areas/ bullpens, a rollaway backstop, and on-field facilities that allow multiple practice stations, protective screens and a separate batting cage for batting from multiple areas rather than just on home plate.  The baseball team also has access to an athletic trainer during games with appropriate supplies to treat injured players.

45.     In contrast, female student athletes participating on the Lake Oswego softball team have a couple of small, old screens (one of which is just a frame because the netting has rotted away).

**COMPLAINT  - 10**

There is no bullpen or any type of pitching area, warm up area, batting cages, or any way to separate the field to allow multiple practice stations. The softball team is not provided with an athletic trainer during games or supplies to treat injuries. The softball team is not even provided with a basic first aid kit.

*Publicity*

46.     Plaintiffs are informed and believe, and based thereon allege, that Defendant fails to provide girls with equitable publicity as compared to male athletes.

*Additional Girls' Sports*

47.     The Plaintiffs are informed and believe, and based thereon allege, that the District denies to female student athletes equal athletic participation opportunities by failing to provide equitable opportunities in additional girls' sports.

## CLAIM FOR RELIEF

### Unequal Treatment and Benefits in Athletic Programs in Violation of Title IX

48.     Plaintiffs restate and incorporate by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

49.     Title IX, enacted in 1972, provides in relevant part: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance..." 20 U.S.C. § 1681(a).

50.     Since the passage of Title IX, the District has received and continues to receive federal financial assistance and the benefits therefrom. Therefore, all programs in the Lake Oswego School District, including the athletic programs, are subject to the requirements of Title IX. 20 U.S.C. § 1687.

**COMPLAINT - 11**

51.   Title IX's implementing regulations provide that "No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, be treated differently from another person or otherwise be discriminated against in any interscholastic, intercollegiate, club or intramural athletics offered by a recipient, and the recipient shall provide any such athletics separately on such basis."  34 C.F.R. § 106.41(a).

52.   Under Title IX, schools must provide "equal treatment and benefits" to members of both sexes in their athletic programs.  44 Federal Register 71,413 (1979), the Department of Education, Office of Civil Rights' 1979 Policy Interpretation (the "Policy Interpretation").

53.   Equal treatment and benefits is assessed based on an overall comparison of the male and female student athletic programs, including an analysis of the following factors, among other considerations: "The provision of equipment and supplies; Scheduling of games and practice time; Opportunity to receive coaching...; Assignment and compensation of coaches...; Provision of locker rooms, practice and competitive facilities; Provision of... training facilities; Publicity" and a school's "failure to provide necessary funds for teams for one sex."  34 C.F.R. § 106.41(c)(2) - (10).

54.   The regulations required that sponsors of interscholastic athletics comply with the regulations within three years of their effective date, or by July 21, 1978.  The regulations further require that sponsors of interscholastic athletics take such remedial actions as are necessary to overcome the effects of sex discrimination in violation of Title IX.  34 C.F.R. §106.3(a).

55.   Plaintiffs are informed and believe, and based thereon allege, that Defendant has not taken remedial actions necessary to satisfy Defendant's obligations under Title IX.

56.   Defendant has intentionally violated Title IX by knowingly and deliberately discriminating against female students, including Plaintiffs, by, among other things, failing to

provide female student athletes at Lake Oswego High School with treatment and benefits that are comparable to the treatment and benefits provided to male student athletes in areas including, but not limited to, practice and competitive facilities; locker rooms; training facilities; equipment and supplies; publicity; and funding.

57.     The inequitable treatment of female and male student athletes at Lake Oswego High School, as detailed above, demonstrates Defendant's intentional and conscious failure to comply with Title IX.  Defendant's conduct has persisted despite the information provided by and the requests made by Plaintiffs and other individuals, and despite the mandates of the relevant Title IX regulations, particularly 34 C.F.R. §§ 106.31 and 106.41, and the Policy Interpretation.

58.     As a proximate result of these unlawful acts, the Plaintiffs have suffered and continue to suffer irreparable injury.

59.     Plaintiffs are entitled to relief, including declaratory relief and injunctive relief.

## INJUNCTIVE RELIEF

60.     Plaintiffs are entitled to injunctive relief to end Defendant's unequal, discriminatory, and unlawful treatment of female student athletes.  Because of Defendant's acts and omissions, Plaintiffs continue to be deprived of the rights guaranteed by the United States Constitution and the laws of the United States.  Failure to grant the injunctive relief requested will result in irreparable harm to Plaintiffs in that Plaintiffs' rights will be violated and that Plaintiffs will never be able to participate in interscholastic and/or other school-sponsored athletics on an equal basis with their male classmates.  Accordingly, Plaintiffs do not have an adequate remedy at law for this harm.  This threatened harm far outweighs any possible harm that granting injunctive relief might cause Defendant.  Finally, the injunctive relief sought would in no way disserve the

**COMPLAINT - 13**

public interest but, on the contrary, would prevent discrimination based on gender and would promote the goal of full equality before the law.

### ATTORNEYS' FEES

61.    Plaintiffs have been required to retain the undersigned attorneys to prosecute this action. Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

### PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully pray that this Court:

(1)   Enter an order declaring that Defendant has engaged in a past and continuing pattern and practice of discrimination against female students, including Plaintiffs, on the basis of gender in violation of Title IX and the regulations promulgated thereunder (including unequal treatment and benefits).

(2)   Issue a permanent injunction (a) restraining Defendant and its officers, agents, employees, successors and any other persons acting in concert with them, from continuing to maintain practices and policies of discrimination against Plaintiffs and other female athletes on the basis of gender, and (b) requiring Defendant, immediately upon issuance of the injunctive order, to adopt and implement a budget and plan which corrects and remediates Defendant's violation of Title IX.  Such a plan should include, among other things, providing Plaintiffs and other female athletes with treatment and benefits comparable to those provided to male athletes.

(3)   Award Plaintiffs their reasonable attorneys' fees and costs pursuant to U.S.C. § 1988.

(4)   Order such other and further relief as the Court deems appropriate.

Dated this 4th day of April, 2016.          **HIEFIELD FOSTER & GLASCOCK, LLP**

By *s/ Andrew D. Glascock*  
Andrew D. Glascock, OSB No. 992676  
Email: aglascock@hfg-law.com  
Trial Attorney  
Of Attorneys for Plaintiff

**COMPLAINT - 14**